UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL LAWRENCE MCCOY,<br><br>Defendant. | Case No. 4:19-cr-00067-JD-1<br><br>**ORDER RE MOTIONS FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL**<br><br>Re: Dkt. No. 71 |

On August 20, 2019, a jury convicted defendant Daniel Lawrence McCoy of possession with intent to distribute oxycodone (Count Two) and heroin (Count Four) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). He was also convicted of simple possession of methamphetamine (Count One) and hydrocodone (Count Three) in violation of 21 U.S.C § 844. This order resolves McCoy's motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c), or in the alternative, a new trial under Rule 33. Dkt. No. 71. Both challenge his convictions for possession with intent to distribute oxycodone and heroin. *Id.* at 1. The order also resolves his oral motion under Rule 29(a) at the close of the government's case, Dkt. No. 69 at 184:18-24, which was renewed and clarified after the verdict as limited "to the distribution counts," *id.* at 232:7-19. The Court had taken this motion under submission. *Id.* at 184:18-24, 232:2-233:25. Defense counsel confirmed at oral argument that McCoy's convictions for simple possession of methamphetamine and hydrocodone are not at issue here.

The parties' familiarity with the facts and the record are assumed. The motions are denied.

**I.  RULE 29 MOTIONS FOR JUDGMENT OF ACQUITTAL**

A judgment of acquittal is not appropriate if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." *United States v. Niebla-Torres*, 847 F.3d 1049, 1054 (9th Cir. 2017) (citation omitted). McCoy contends there was not enough evidence that he possessed the oxycodone and heroin "with the intent to distribute it to another person," as required to convict him under 21 U.S.C. § 841. *See* Ninth Circuit Model Criminal Jury Instructions § 9.15; *United States v. Gonzalez*, 528 F.3d 1207, 1213 (9th Cir. 2008). In effect, he says that the verdict was inconsistent because the jury could not rationally find the requisite intent to distribute oxycodone and heroin when it found that element unproven for the methamphetamine and hydrocodone counts. Dkt. No. 69 at 233:12-23.

McCoy's contentions are not well taken. To start, the verdict was not inconsistent. An inconsistent verdict typically arises when a defendant is convicted "on one count and acquitt[ed] on another count, where both counts turn on the very same issue of ultimate fact." *Bravo-Hernandez v. United States*, 137 S.Ct. 352, 356 (2016). Here, the charged counts concerned different controlled substances, and so the verdicts are not inherently "irreconcilably inconsistent." *Id.* at 357. *Bravo-Hernandez* is telling on this point. The defendants there had been convicted of bribery, but acquitted of conspiring to bribe or travelling in furtherance of bribery. There was no dispute at trial that an agreement had been formed, or that interstate travel had taken place. *Id.* at 361-62. The verdict was inconsistent precisely because the convictions for conspiracy and travelling in furtherance necessarily followed from the underlying bribery conviction. There is no similar contradiction or inconsistency in McCoy's case.

McCoy's position also fails because "a criminal defendant may not attack a jury's finding of guilt on one count as inconsistent with the jury's verdict of acquittal on another count." *Id.* at 359 (citation omitted). The Supreme Court has long held that "where truly inconsistent verdicts have been reached, the most that can be said is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does show that they were not convinced of the defendant's guilt." *United States v. Powell*, 469 U.S. 57, 64-65 (1984) (internal quotation and citation omitted).

Looking at the case as a whole, McCoy is not entitled to acquittal because the evidence at trial amply established his possession with intent to distribute oxycodone and heroin. McCoy

2

stipulated that 46 pills found in his possession, Dkt. No. 68 at 79:18-81:12, were oxycodone, Dkt. No. 56 at ECF p.3. He also stipulated that a black tar substance recovered from his backpack on the day of his arrest, Dkt. No. 68 at 83:12-85:20, was heroin, Dkt. No. 56 at ECF p.3. A Richmond police officer observed McCoy engage in what appeared to be a hand-to-hand drug sale prior to his arrest, at which point he was found in possession of the oxycodone and heroin. Dkt. No. 68 at 40:9-44:16. An expert testified that plastic Ziploc bags, Dkt. No. 69 at 176:22-177:1, and latex gloves, *id.* at 178:7-22, which were also found in McCoy's possession on the day of his arrest, Dkt. No. 68 at 92:7-93:11, indicated drug sales, as opposed to possession for use. These drug trafficking indicators are sufficient to deny a motion for judgment of acquittal on McCoy's intent to distribute charges. *United States v. Johnson*, 357 F.3d 980, 984-85 (9th Cir. 2004).

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that McCoy possessed oxycodone and heroin with the intent to distribute it. He has not shown that a rational jury could not find that he possessed some drugs *simpliciter*, and possessed other drugs with the intent to distribute them.

## II. RULE 33 MOTION FOR A NEW TRIAL

Under Rule 33(a), "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Unlike in the Rule 29 context, the "court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (citation omitted).

McCoy asks for a new trial on the same grounds as his motion for acquittal -- that there is not enough evidence of his intent to distribute. The request is denied for the same reasons as an acquittal was denied. The government presented sufficient evidence that McCoy possessed the oxycodone and heroin with the intent to distribute it. McCoy has not pointed to anything in the record that might call this or the verdicts into question, let alone evidence that "preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred," and would empower the Court to "set aside the verdict, grant a new trial, and submit the issues for determination by another jury" under Rule 33. *Id.* (citation omitted).

The other reason offered for a new trial -- that the government's drug trafficking expert was asked and posed hypotheticals too close to the facts of this case -- is equally unpersuasive. As McCoy's briefing recognizes, our circuit has consistently upheld the introduction of similar testimony about narcotics sales. Dkt. No. 71 at 5. Testimony offered by experts in response to hypotheticals describing "the factors that are relevant to an opinion that narcotics were more likely possessed for sale or more likely possessed for personal use" is admissible. *United States v. Younger*, 398 F.3d 1179, 1188 (9th Cir. 2005). As shown in McCoy's own motion papers, the prosecuting attorney confirmed to the Court that her questioning of the expert was limited to whether, "in his experience, these are indicators [of drug sales], not giving [the jury] any opinion whether something specifically happened here." Dkt. No. 71 at 4 (quoting Dkt. No. 69 at 180:3-11). None of the expert's testimony drew "the ultimate inference or conclusion for the jury and the ultimate inference or conclusion d[id] not necessarily follow from the testimony." *Younger*, 398 F.3d at 1189 (citation omitted). McCoy does not show that any evidence that was admitted should not have been, let alone that it rendered the verdict a miscarriage of justice.

McCoy also says that a new trial is warranted because the jury heard questions to which objections were sustained. Dkt. No. 71. at 6. However, the jury had been instructed that attorney questions were not evidence and that "they must not consider them as evidence in deciding the facts of this case." Dkt. No. 68 at 7:11-16. The "jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). McCoy provides no reason why that presumption is not applicable here, or should otherwise be called into question.

**CONCLUSION**

McCoy's Rule 29 and Rule 33 motions are denied.

**IT IS SO ORDERED.**

Dated: January 23, 2020

JAMES DONATO
United States District Judge