JOHN J. JORDAN, ESQ. (State Bar No. 175678)
601 Montgomery Street, Suite 850
San Francisco, CA 94111
Tel: (415) 391-4814
Fax: (415) 391-4308
jjordanesq@aol.com

Counsel for Defendant
DANIEL LAWRENCE McCOY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL LAWRENCE McCOY, <br><br> Defendant. | No. CR 19-0067-JD <br>      CR 09-0337-JD <br><br> **DEFENDANT'S MOTION TO REOPEN DETENTION HEARING** <br><br> Date: April 8, 2020 <br> Time: To Be Set <br> Hon. DONNA M. RYU |

**INTRODUCTION**

The defendant, DANIEL LAWRENCE McCOY, through counsel of record, John J. Jordan, hereby files this motion to reopen and reconsider the Court's pre-trial detention order, entered on February 19, 2019, after the defendant waived a hearing at that time, with the right to renew the issue should circumstances change. CR 2. McCoy has been detained at the Santa Rita Jail, County of Alameda, since the detention order.

McCoy now moves to reopen and have a hearing on the issue of release, in light of the impact that the coronavirus pandemic poses to the health of the population at the Santa Rita Jail, in case number CR 19-0067-JD. He also asks for a hearing for release on the supervised release violation case, case number CR 09-0337-JD.

This motion is filed before Magistrate Ryu who presided over McCoy's detention waiver

Motion to Reopen Detention Hearing       1

on February 19, 2019. Mr. McCoy has personally informed counsel that he is waiving his right to be personally present; agrees to a telephonic hearing; and requests that he be allowed to participate by telephone from the secure line set up for that purpose at Santa Rita Jail.

Counsel for the defendant has contacted both AUSA Samantha Schott, the assigned prosecutor for these cases, and the U.S. Probation Officers Unalp and Goldsberry, who informed counsel that both parties oppose McCoy's release.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2018, Richmond Police Officers arrested McCoy for an alleged narcotic sale in front of 2400 Nevin Avenue in Richmond. After McCoy was searched with negative results, the police went into the trunk of the Jetta and seized a gray backpack with a yellow logo on the front. The police testified at trial that a search of the backback resulted in the seizure of marijuana, oxycodone, heroin, hydrocodone, methamphetamine, and other pills.

On October 10, 2018, McCoy was transferred to federal custody and remanded into custody on the Form 12 violation filed in Case No. CR-09-0337-JD (then CR-09-0337-CW). 2009 Clerk Record ("CR") 419.

On October 11, 2018, McCoy was detained after a detention hearing on the Form 12 violation filed in Case No. CR-09-0337-JD (then CR-09-0337-CW). 2009 CR 420.

On February 4, 2019, the detention order on the 2009 Form 12 case was affirmed by Judge Wilken. 2009 CR 426.

On February 7, 2019, a one-count indictment was filed in this district, charging McCoy with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). 2019 CR 1.

On February 19, 2019, McCoy appeared in Magistrate Court before Magistrate Judge Donna M. Ryu on his initial appearance on the 2019 indictment. McCoy was arraigned on the new indictment and pled not guilty. 2019 CR 2. After the government moved for pre-trial detention, McCoy waived the right to a hearing at that time, reserving his right to have his

| | |
|---|---|
| 1 | detention hearing in this case at a later date should circumstances change.  2019 CR 2. |
| 2 | On June 13, 2019, a four-count superseding indictment was filed, charging McCoy with |
| 3 | possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) |
| 4 | (count one); possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1) |
| 5 | (count two); possession with intent to distribute hydrocodone, in violation of 21 U.S.C. § |
| 6 | 841(a)(1) (count three); and possession with intent to distribute heroin, in violation of 21 U.S.C. |
| 7 | § 841(a)(1) (count four), as well as a forfeiture allegation.  2019 CR 18. |
| 8 | On August 20, 2019, a jury acquitted McCoy of possession with intent to distribute |
| 9 | methamphetamine, but found him guilty of misdemeanor possession of methamphetamine, in |
| 10 | violation of 21 U.S.C. § 844.  The jury found McCoy guilty of possession with intent to |
| 11 | distribute oxycodone.  The jury acquitted McCoy of possession with intent to distribute |
| 12 | hydrocodone, but found him guilty of misdemeanor possession of hydrocodone.  Finally, the jury |
| 13 | found McCoy guilty of possession with intent to distribute heroin.  2019 CR 66. |
| 14 | The conviction in the 2019 case also serves as a violation of the terms of his federal |
| 15 | supervised release under CR 09-337-JD, for committing a new federal offense.  2009 CR 445. |
| 16 | The revised Pre-Sentence Report (PSR) now calculates McCoy's Sentencing Guidelines |
| 17 | as offense level 18, criminal history IV, with a sentencing range of 41-51 months. |
| 18 | The probation officer has recommended a low-end sentence of 41 months on the 2019 |
| 19 | indictment, consecutive to any sentence imposed for the violation on the 2009 Form 12. |
| 20 | McCoy has filed a sentencing memorandum with the District Court, requesting that the |
| 21 | Court grant a downward variance to a 30-month sentence, after application of the mitigating |
| 22 | factors contained in 18 U.S.C. § 3553(a).  These factors include the defendant's unstable |
| 23 | upbringing and his own history of substance abuse.  In addition, for the same reasons, McCoy |
| 24 | requested that any sentence imposed on the 2009 Form 12 violation run concurrent to the |
| 25 | sentence imposed for the 2019 conviction. |
| 26 | Sentencing is now set for both cases on May 6, 2020.  2009 CR 448; 2019 CR 89. |

# ARGUMENT

## A. Introduction

In light of the health care emergency raised by the coronavirus pandemic, McCoy asks this Court to reopen the detention order previously waived by defendant, so that he may be released on electronic monitoring to his wife's residence.

McCoy is currently being housed at the Santa Rita Jail, in Alameda County. He is 63 years old with underlying health issues. McCoy has informed counsel that because of a history of emphysema, asthma, high blood pressure, and other health issues, he has been moved to a special unit at Santa Rita for high risk coronavirus because of his age and health issues.

In light of the risk posed by the virus, and considering that the defendant has already served 19 months in custody and may not face that much more time at sentencing, he should be released.

## 2. Applicable Law

The Bail Reform Act provides for the "temporary release" of a person in pretrial custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

This Court also has jurisdiction to decide a motion to reconsider the detention order under Title 18, United States Code, section 3145 (a):

> a) Review of a Release Order.- If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court-
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
>
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.
>
> The motion shall be determined promptly.

18 U.S.C. § 3145(a).

Pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure, a person arrested for a supervised release violation shall be released or detained in accordance with the provisions of 18 U.S.C. § 3143(a), which provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

The defendant bears the burden of proving that he does not pose a risk of flight or a danger to the community. Fed. R. Crim. P. 32.1(a)(6).

In addition, while admittedly McCoy has now been found convicted of drug trafficking offenses and is awaiting sentence on those offenses, and would normally be subject to detention pursuant to 18 U.S.C. § 3143, this Court may still release him on a finding of exceptional circumstances under 18 U.S.C. § 3145(c), permitting this court to continue the defendant on bail until a self-surrender date. See *United States v. Garcia,* 340 F.3d 1013, 1014, fn. 1 (9th Cir. 2003) ("Although the "exceptional reasons" provision appears in a subsection that otherwise concerns actions taken by appellate courts, we agree with the other circuits to have addressed the issue that the district court has authority to determine whether there are exceptional reasons (further citations omitted)." The Ninth Circuit gives district courts broad discretion in determining whether exceptional circumstances exist under 18 U.S.C. § 3145(c). *United States v. Garcia*, 340 F.3d at 1018.

**3.     McCoy Should Be Released Due to High Risk Factors Present in His Case**

The ongoing coronavirus pandemic establishes exceptional circumstances under 18 U.S.C. § 3145(c), permitting this court to release McCoy on electronic monitoring with a 24-hour lock-down, in light of the compelling change of circumstances wrought by the onset of the coronavirus (COVID 19). This virus is a health risk for all defendants detained in close quarters at the Santa Rita Jail, where "social distancing" is impossible.

McCoy is currently being housed at the Santa Rita Jail, in Alameda County. Counsel for

McCoy is concerned about the health risks raised by McCoy's continued placement at a crowded, large jail. Dr. Juliana Morris, a medical doctor and part of the "Do No Harm" coalition, said Santa Rita jail is "a public health nightmare waiting to happen." Https://www.mercurynews.com/2020/03/19/bay-area-courts-authorities-ramp-up-release-ofinmates-to-stem-covid-19-risks-in-jails/(visited March 23, 2020). In her view, "[i]t's only a matter of time before the virus reaches Santa Rita Jail." *Id*.

McCoy's pre-trial detention robs him of any realistic opportunity to maintain the "social distance" that over 200 million fellow citizens are being asked to do by government officials. Confinement in an environment long associated with high transmission of infectious disease and with limited access to health care raises a grave risk to his health that now outweighs the government's interest in detaining him.

Moreover, McCoy is in a high-risk group at Santa Rita Jail. He is 63 years old with underlying health issues. McCoy has informed counsel that because of a history of emphysema, asthma, high blood pressure, and other health issues, he has been moved to a special unit at Santa Rita for high risk coronavirus because of his age and health issues. His wife Cassandra Thomas has confirmed to counsel that McCoy has a history of emphysema, asthma, and high blood pressure, among other health issues.

McCoy's age and health issues place him at an increased risk of mortality if he contracts the virus. The Center for Disease Control ("CDC") recently issued a report stating that "Early data from China suggest that a majority of coronavirus disease 2019 (COVID-19) deaths have occurred among adults aged $\geq$60 years and among persons with serious underlying health conditions." Morbidity and Mortality Weekly Report (MMWR), https://www.cdc.gov/mmwr/volumes/69/wr/mm6912e2.htm.

**4.     Issues of Flight Risk and Danger to the Community**

Recent changes in circumstances have also lessened the previous risks of danger to the community and flight risk.

First, release now would place McCoy in a community where the population is sheltering in place. Counsel proffers that McCoy be placed on 24 hour lock down at his wife's residence, at least initially. He would not pose a danger to the community in that circumstance. This is a viable option. Counsel has spoken with the defendant's wife, Cassandra Thomas, who confirmed that she is still living in Richmond, California; is still working for Blue Apron Warehouse; would be willing to sign an appearance bond; and that McCoy is welcome to move back in with her.

Second, the recent trial verdict, where McCoy was acquitted of the most serious charge, possession with intent to distribute methamphetamine under count one, eliminated the 5 year mandatory minimum sentence he faced and resulted in a lower U.S.S.G. guideline score. The revised PSR now calculates McCoy's Sentencing Guidelines as offense level 18, criminal history IV, with a sentencing range of 41-51 months.

The probation officer has recommended a low-end sentence of 41 months on the 2019 indictment, consecutive to any sentence imposed for the violation on the 2009 Form 12. McCoy has asked for a 30 month sentence. McCoy has been in federal custody since October 10, 2018, so he has already accrued at least 17 months in time-served credit. While one cannot predict what sentence Judge Donato will ultimately impose, it is certain that McCoy is now eligible for a sentence below five years, and has an argument for an even lower sentence. If released, he would have the opportunity to show Judge Donato that he deserves a break. On the other hand, any new crime or flight would expose him to an increased sentence. This strong combination of factors argues against finding McCoy poses either a flight risk or a danger to the community.

## CONCLUSION

The Court should grant McCoy release on appropriate conditions pending sentencing.

DATED: April 2, 2020.          Respectfully submitted,


*/s/ John J. Jordan*
JOHN J. JORDAN

Motion to Reopen Detention Hearing          7

```
 1  JOHN J. JORDAN, ESQ. (State Bar No. 175678)
    601 Montgomery Street, Suite 850
 2  San Francisco, CA 94111
    Tel: (415) 391-4814
 3  Fax: (415) 391-4308
    jjordanesq@aol.com
 4
    Counsel for Defendant
 5  DANIEL LAWRENCE McCOY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.   CR-09-337-JD/CR 19-0067-JD |
| | ) | |
| Plaintiff, | ) | DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO REOPEN THE MAGISTRATE COURT'S DETENTION ORDER |
| v. | ) | |
| DANIEL LAWRENCE McCOY, | ) | |
| Defendant. | ) | |
| _____ | ) | |

DECLARATION OF COUNSEL IN SUPPORT OF MOTION:

I, JOHN J. JORDAN, am an attorney licensed to practice in the State of California and do hereby declare under the penalty of perjury as follows:

1. I am an attorney-at-law duly authorized to practice before the Courts of the State of California, and the attorney for Defendant Daniel Lawrence McCoy. I have reviewed the attached Motion, and I believe the factual statements made therein are true and correct to the best of my information and belief.

2. In preparing this motion, I have reviewed the indictment and the discovery materials provided by the government in this case, as well as conferred with the defendant.

3. April 2, 2020, I personally spoke by telephone to Cassandra Thomas, the wife of the defendant. Ms. Thomas informed me that she continues to be willing to sign an appearance bond for her husband; that he is welcome to live with her at her residence in Richmond; and that she would be willing to act as his custodian. She also confirmed to counsel that McCoy has a history of emphysema, asthma, and high blood pressure, among other health issues.

Motion to Reopen Detention Hearing        1

4. On April 1, 2020, I personally spoke by telephone to my client Daniel Lawrence McCoy. Mr. McCoy asked me to file on his behalf a motion for reconsideration of his detention status, in light of the health emergency caused by the coronavirus pandemic. McCoy told me that because of a history of emphysema, asthma, high blood pressure, and other health issues, he has been moved to a special unit at Santa Rita for high risk coronavirus of his age and health issues.

5. During the telephone conversation, I explained to Mr. McCoy that, due to the pandemic, this Court may order that any hearing on the motion be heard telephonically. I also explained to Mr. McCoy that the Court might decide the motion to reconsider on the papers, without a hearing.

6. During the telephone conversation, I explained to Mr. McCoy that if the Court ordered a hearing on the motion, there was a strong possibility that any request for an in person hearing might delay the timing of the hearing. After explaining to Mr. McCoy his right to request an in person hearing or a telephonic hearing, and the constitutional rights involved, Mr. McCoy informed me that he wished to waive any right to an in-person hearing, and waived any objection to a telephonic hearing, should the Court grant such a hearing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: April 2, 2020.  /s/ John J. Jordan
Attorney for Defendant

Motion to Reopen Detention Hearing 2